UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:16-cv-00365-FDW

| ELIZABETH Y. PASSERI, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) |
| | ) ORDER |
| NANCY A. BERRYHILL, | ) |
| Acting Commissioner of Social Security | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on Plaintiff's Motion for Summary Judgment (Doc. No. 9) and Defendant's Motion for Summary Judgment (Doc. No. 12). Plaintiff, through counsel, seeks judicial review of an unfavorable administrative decision on her application for disability benefits under 42 U.S.C. § 405 (g). This matter is now ripe for review. For the reasons that follow, the Court GRANTS Plaintiff's Motion for Summary Judgment, DENIES Defendant's Motion for Summary Judgment, and REMANDS the Commissioner's decision for further proceedings consistent with this opinion.

**I. BACKGROUND**

On February 24, 2013, Plaintiff, Elizabeth Y. Passeri, filed a Title II application for a period of disability and disability benefits. (Doc. No. 8-3, p. 26). Her claim was denied initially and upon reconsideration. Id. On April 2, 2015, Plaintiff, her representative, and a vocational expert appeared before Administrative Law Judge ("ALJ") Keith C. Pilkey. Id. The ALJ, on May 4, 2015, issued a decision that Plaintiff was not disabled within the meaning of the Social Security

1

Act ("SSA"). Id. at 38. Specifically, the ALJ found that Plaintiff's residual functional capacity ("RFC") would allow her to perform sedentary work, and there were jobs that existed in significant number that Plaintiff could perform. Id. at 38.

Plaintiff then filed a request for a review but was denied by the Appeals Council on September 8, 2016. Id. at 1-4. Having exhausted her administrative remedies, Plaintiff timely filed this present action (Doc. No. 1) on November 7, 2016. Both parties have moved for summary judgment and their motions are now ripe for review pursuant to 42 U.S.C. § 405 (g).

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g), limits this Court's review of the Commissioner's final decision to (1) whether substantial evidence supports the Commissioner's decision and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). This Court does not review a final decision of the Commissioner *de novo*. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). Thus, this Court "'must uphold the factual findings of the [ALJ] if they are supported by substantial evidence and were reached through application of the correct legal standard.'" Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (quoting Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001)).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, the Fourth Circuit has defined "substantial evidence" as:

> Substantial evidence has been defined as "more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence . . . .")

The Fourth Circuit has long emphasized that a reviewing court does not weigh the evidence again, nor substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays, 907 F.2d at 1456; see also Smith v. Schweiker, 795 F.2d at 345. Indeed, this is true even if the reviewing court disagrees with the outcome—so long as there is "substantial evidence" in the record to support the Commissioner's final decision, the decision should be affirmed. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982). The ALJ, and not the Court, has the ultimate responsibility for weighing the evidence and resolving any conflicts. Hays, 907 F.2d at 1456.

### III. ANALYSIS

Under the Social Security Act, there is a five-step sequential process for determining whether a person is disabled. 20 C.F.R. § 404.1520(a)(1). Step one is to determine whether the claimant is engaged in substantial gainful activity; if claimant is engaged in substantial gainful activity, they will be found not disabled. Id. § 404.1520(a)(4)(i). Step two is to determine whether the claimant has a severe medically determinable physical or mental impairment or a combination of impairments that is severe and meets the duration requirement. Id. § 404.1520(a)(4)(ii). At

3

step three, if the claimant's impairment or combination of impairments meets or medically equals one of the listings in 20 C.F.R. Part 404, Subpart P, Appendix 1, then the claimant will be found disabled. Id. § 404.1520(a)(4)(iii). Step four is to determine whether the claimant has the residual functional capacity ("RFC") to perform the requirements of his past relevant work. Id. § 404.1520(a)(4)(iv). Lastly, step five is to consider whether the claimant is able to make an adjustment to other work, considering claimant's RFC, age, education, and work experience. Id. § 404.1520(a)(4)(v). While the claimant bears the burden of production and proof during the first four steps, the burden shifts to the Commissioner at step five to show that other work is available in the national economy which the claimant could perform. Pass v. Charter, 65 F.3d 1200, 1203 (4th Cir. 1995).

In this case, at step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since October 5, 2011, the alleged onset date. (Doc. No. 8-3, p. 27). At step two, the ALJ found that Plaintiff had the following severe impairments: degenerative disc disease, fibromyalgia, apnea, cardiac dysrhythmia with pacemaker, attention deficit disorder (ADD), depression, and anxiety. Id. At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listing. Id. at 29. Before turning to the fourth step, the ALJ found that Plaintiff retained the RFC to perform sedentary work except limited to the following:

> No climbing ladders, ropes, or scaffolds; no more than occasional climbing ramps and stairs, balancing, stooping, kneeling, crouching, and crawling; no concentrated exposure to hazards; able to perform simple, routine, repetitive tasks; and able to maintain concentration and persistence for simple routine, repetitive tasks,

Id. at 31. At step four, the ALJ concluded that Plaintiff could no longer perform her past relevant work. Id. at 37. Finally, at step five, the ALJ found that based on Plaintiff's age, education, and

4

residual functional capacity, as well as testimony from a vocational expert, that Plaintiff could perform jobs existing in significant numbers in the national economy and therefore was not disabled within the meaning of the SSA. Id.

On appeal to this Court, Plaintiff presents the following assignments of error, arguing that: (1) the ALJ erred by discrediting the opinions of Plaintiff's treating physicians without good reason; and (2) the ALJ erred in the formulation of the RFC, both under agency ruling and the recent holding in Mascio v. Colvin, 708 F.3d 632 (4th Cir. 2015). (Doc. No. 9-1, p. 3). The following discussion explains why the Court agrees with Plaintiff that remand is appropriate.

**A. Treating Physicians' Opinions**

The ALJ erred by failing to give appropriate weight to the opinions of Plaintiff's treating physicians pursuant to 20 C.F.R. § 404.1527.

Plaintiff was found disabled and unable to work by four separate physicians. Statements by these physicians include the following:

> Dr. Tony Jones: "I feel given patients multiple medical conditions that she is unable to work for gainful employment at any job. She is a risk to worsening her condition. (Doc. 8-9, p. 1318).
>
> Dr. Najeeb Ghaussy: "We see Elizabeth Passeri in our Rheumatology Clinic for Fibromyalgia (729.0), Osteoarthritis (715.0), Low Back Pain (724.2) and Knee Pain (719.46). Due to these condition, patient is unable to work at this time. (Doc. 8-8, p. 675).
>
> Dr. David Peterson: "Ms. Passeri also has chronic fatigue and is unable to perform typical work duties . . . she is not able to sit for long periods of time nor stand for one hour at a time due to severe pain." (Doc. 8-8, p. 783); (Doc. 8-9, p. 901).
>
> Dr. Matthew Mahar: "Patient is currently completely disabled and is unable to complete any gainful occupation . . . I would encourage her to challenge the ruling of her disability carrier because myself, Dr. Peterson, and Dr. Ghaussey all concluded this patient is disabled. (Doc. No. 8-9, p. 903).

5

20 C.F.R. § 404.1527 provides the standard that ALJs must follow in weighing and evaluating the opinions of treating physicians. Under this regulation, more weight is generally given "to the medical opinion of a source who has examined you than to the medical opinion of a medical source who has not examined you." 20 C.F.R. § 404.1527(c)(1). As the Fourth Circuit points out, this regulation affords controlling weight to the opinions of treating sources because those physicians are likely to be the "medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examination." Id. § 404.1527(c)(2); Brown v. Comm'r Soc. Sec. Admin., No. 16-1578, 2017 WL 4320263, at *13 (4th Cir. Sept. 29, 2017). If a treating physician's opinion is not given controlling weight, however, the ALJ must take certain factors into account in determining how much weight the opinion deserves. These factors include: (1) length of treatment relationship; (2) nature and extent of treatment relationship; (3) supportability of the opinion; (4) consistency of the opinion with the record as a whole; and (5) the physician's specialization. 20 C.F.R. § 404.1527(c)(1)-(5). Furthermore, the regulation states that the ALJ "will always give good reasons in decisions for the weight [afforded to] your treating source's medical opinion." Id. § 404.1527(c)(2).

Here, the ALJ inappropriately gave Plaintiff's treating physicians' opinions "little weight." The ALJ determined that these four opinions were not consistent with the medical evidence of record, but his explanation of that medical evidence does little to support this determination. For example, the ALJ improperly relied on his own observations and medical judgments in determining that despite Plaintiff's purported pain, evidence seemed to indicate that she was able to stand, move, and use her arms, hands, and legs in a "satisfactory manner." (Doc. No. 8-3, p. 36).

Such a statement is an impermissible substitution of lay opinion for the judgment of medical professionals who treated and examined Plaintiff over several years. See Brown v. Comm'r Soc. Sec. Admin., No. 16-1578, 2017 WL 4320263, at *15 (4th Cir. Sept. 29, 2017) (citing Wilson v. Heckler, 743 F.2d 218, 221 (4th Cir. 1984)).

Given the consistency between the physicians' opinions, the several year duration of the treatments, and the ALJ's lack of good reasons to afford these opinions little weight, this Court determines that the ALJ's decision was not supported by substantial evidence.

### B. Formulation of RFC

Similarly, because the ALJ gave the treating physicians' opinions little weight, the RFC does not represent an adequate analysis of Plaintiff's limitations and capabilities.

The Fourth Circuit in Mascio v. Colvin held that remand may be appropriate where, "an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." Mascio v. Colvin 780 F.3d 632, 636 (4th Cir. 2015) (quoting Cichocki v. Astrue, 729 F.3d 172, 177 (2d Cir.2013)). As Plaintiff points out, and this Court agrees, the ALJ's error in giving the treating physicians' opinions little weight has resulted in an inadequate analysis of Plaintiff's RFC such that meaningful review by this Court is not possible.

Accordingly, the ALJ's formulation of Plaintiff's RFC is not supported by substantial evidence.

### IV. CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 9) is GRANTED, Defendant's Motion for Summary Judgment (Doc. No. 12) is DENIED,

and the Commissioner's decision is REMANDED for further investigation or explanation with regard to why the opinions of Plaintiff's treating physicians, Dr. Jones, Dr. Mahar, Dr. Ghaussy, and Dr. Peterson, were afforded "little weight." The Court takes no position on the matters on remand and does not intend to influence the ALJ's findings and conclusions.

    IT IS SO ORDERED.

Signed: October 16, 2017

Frank D. Whitney
Chief United States District Judge